UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.

CLINTON L. BLACK

    Plaintiff,

v.

BROWARD COUNTY SCHOOL BOARD,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, CLINTON L. BLACK ("Plaintiff" or "Mr. Black") sue the Defendant, BROWARD COUNTY SCHOOL BOARD, ("Defendant"), and as grounds therefor alleges:

### INTRODUCTION

1. This is an action against the Defendant to recover damages pursuant to the Americans with Disabilities Act of 1991, 42 U.S.C. §12182, as amended by the Americans with Disabilities Amendments Act of 2008 ("ADA") and the Florida Civil Rights Act, Fla.Stat ch. 760, *et seq.* ("FCRA"). Plaintiff seeks declaratory, injunctive, and equitable relief, as well as compensatory and punitive damages, costs and attorney's fees.

### JURISDICTIONAL ALLEGATIONS

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1367(a), and 42 U.S.C. §12182. This Court has supplemental jurisdiction over the Florida statutory claims pursuant to 28 U.S.C. Section 1367 and original jurisdiction under 28 U.S.C. Section 1343(3).

3. Compensatory, declaratory, injunctive and equitable relief is sought pursuant to 28

U.S.C. §§2201, 2202, and 42 U.S.C. §§1981a and 3601.  Costs and attorneys fees may be awarded pursuant to 42 U.S.C. 12205 and Florida Statutes Chapter 760.

3. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. §1391(b) because all of the actions upon which this case is based were committed in the Southern District of Florida.

## COMPLIANCE WITH CONDITIONS PRECEDENT

4. As jurisdictionally relevant, Plaintiff filed a charge of retaliation and disability discrimination with the United States Equal Employment Opportunity Commission, ("EEOC") which was assigned charge number 510-2016-00556.  After investigating the matter, the EEOC issued a its Notice of Right to Sue, which is attached hereto as Exhibits "A".

5. Thus, all conditions precedent to the initiation of this action against Defendant have been complied with through the administrative procedures of the EEOC.

## THE PARTIES

6. Plaintiff at all material times, is a United States citizens and lawful resident of Broward County, over the age of 18, and sought application for employment as a teacher with Defendant.

7. At all times material, Defendant is a public school district of the State of Florida employing in excess of 500 employees with its principal place of business in Broward County, Florida.

## FACTS GIVING RISE TO CAUSE OF ACTION

8. Plaintiff was employed as a classroom teacher by Defendant from approximately

August 1998 until approximately June 21, 2005.

9. Prior to the termination of his employment, Plaintiff's performance was satisfactory, and he never had disciplinary issues.

10. Plaintiff was wrongfully terminated on June 21, 2005, based upon a false and fraudulent "fitness for duty" report generated by Bruce D. Forman, Ph.D., a compulsory medical examiner hired by Defendant.  Dr. Forman's report concluded that Plaintiff was suffering from a psychiatric disability and therefore not fit for duty as a classroom teacher.  Dr. Forman was subsequently reprimanded by the State of Florida for violating Chapter 490, Florida Statutes, in connection with the findings regarding Plaintiff.

11. Subsequent to June 21, 2005, Plaintiff has been found fit for duty as a classroom teacher on numerous occasions.

12. On January 21, 2015, Plaintiff re-applied for employment with the Defendant.

13. On October 8, 2015, Plaintiff was informed that he could not be rehired because of his termination in 2005.  Specifically, the letter authored by Susan Rockleman, states: "The District maintains a no-rehire policy as it pertains to former employees who have been terminated for cause."  This is false as the District does not have any such blanket rule regarding rehiring.  Defendant chose not to re-hire Plaintiff because of a perceived disability and also due to the fact that Plaintiff filed EEOC charges against Defendant in the past.

14. Thus, Plaintiff was not considered for employment because of a disability or perceived disability and/or because Plaintiff had previously filed a charges of discrimination against Defendants.

15. As a direct and proximate result of the acts and omissions of Defendant, Plaintiff's rights under the ADA and the FCRA were violated and he suffered the following injuries and seeks remuneration for:

   a. Pain and suffering;

   b. Medical expense in the past and in the future;

   c. Mental anguish, including but not limited to embarrassment, humiliation, personal inconvenience and emotional distress;

   d. Loss of capacity for the enjoyment of life;

   e. Deprivation of life, liberty and property;

   f. Legal fees and expense;

   g. Loss of earnings in the past and future;

   h. Loss of earning capacity;

   i. Injury to reputation;

   j. Loss of the rights described herein;

   k. Back pay;

   l. Value of or the reinstatement of all benefits that he would have enjoyed but for the refusal to hire including, but not limited to, bonuses, retirement and pension benefits, health insurance, meal benefits and vacation benefits;

   m. Incidental expenses;

   n. Front pay and benefits until Plaintiffs attain the age of 70 and/or a reasonable time;

  o. Liquidated damages and/or punitive damages, if allowable by law; and

  p. Injunctive Relief in the form of a public apology, expungement of Plaintiffs' disciplinary records, reinstatement and back-pay; and

  q. Any other relief this Court deems just and equitable.

Said damages are continuing in nature and Plaintiffs will continue to suffer in the future.

16. Trial by jury demanded for all issues so triable if right by jury.

## COUNT I
## Violations of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq* (discrimination)

17. Plaintiff adopts and alleges each of the categories of general allegations of paragraphs 1 through 16.

18. This is an action to recover damages and injunctive relief brought pursuant to the Americans with Disabilities Act, codified as 42 U.S.C. §12101 *et seq*.

19. The actions taken by Defendant are in violation of the Americans with Disabilities Act, codified as 42 U.S.C. §12101 *et seq*.

20. Plaintiff belongs to a protected class within the meaning of the Americans with Disabilities Act, codified as 42 U.S.C. §12101 *et seq*. because he was disabled and/or perceived as being disabled by Defendant in refusing to rehire him.

21. As set forth above, Plaintiff was discriminated against in the decision to not consider him for employment based upon a disability and/or perceived disability

22. The discrimination Plaintiff endured was because of his disability and/or perceived disability because no non-disabled or perceived to be non-disabled workers were treated in this

manner.

23. Defendant is liable because, as set forth above, their hiring personnel were responsible for the actions complained of, which actions were in violation of law.

24. As a direct and proximate result of the actions or omissions, Plaintiff has sustained those damages set forth above, all of which he is entitled to recover by law.

25. As a result of the deprivations of rights at the hands of the Defendant and its agents, Plaintiff has been forced to hire an attorney and pay him a reasonable fee, which he is entitled to recover pursuant to 42 U.S.C. §12205 and otherwise by law

WHEREFORE, Plaintiff, CLINTON BLACK demands judgment against the Defendant, BROWARD COUNTY SCHOOL BOARD for damages as set forth above, plus injunctive relief, back pay, front pay, the costs of this action, attorney's fees and such other relief as this Court deems just and equitable and further demands trial by jury for all issues so triable of right by jury.

## COUNT II
### Violations of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq*
### (retaliation)

26. Plaintiff adopts and alleges the jurisdictional and general allegations of paragraphs 1 through 16.

27. This is an action to recover damages and injunctive relief brought pursuant to the Americans with Disabilities Act, codified as 42 U.S.C. §12101 *et seq*.

28. The actions taken by Defendant are in violation of the Americans with Disabilities Act, codified as 42 U.S.C. §12101 *et seq*.

29.	Plaintiff belongs to a protected class within the meaning of the Americans with Disabilities Act, codified as 42 U.S.C. §12101 *et seq*. because he was disabled and/or perceived as being disabled by Defendant.

30.	Plaintiff engaged in protected activity through the filing of his first charge of discrimination with the EEOC.

31.	Plaintiff was retaliated against for engaging in protected activity by being eliminated from consideration for re-employment, which is an adverse employment action. The adverse employment action was causally related to Plaintiff's protected activity.

32.	As a direct and proximate result of the actions or omissions set forth above, Plaintiff has sustained those damages set forth above, all of which he is entitled to recover by law.

33.	As a result of the deprivations of rights at the hands of Defendant and its agents, Plaintiff has been forced to hire an attorney and pay him a reasonable fee, which he is entitled to recover pursuant to 42 U.S.C. §12205 and otherwise by law.

WHEREFORE, Plaintiff, CLINTON BLACK demands judgment against the Defendant, BROWARD COUNTY SCHOOL BOARD for damages as set forth above, plus injunctive relief, back pay, front pay, the costs of this action, attorney's fees and such other relief as this Court deems just and equitable and further demands trial by jury for all issues so triable of right by jury.

## COUNT III
### Violation of Florida Civil Rights Act of 1992

34.	The allegations of Paragraphs 1 through 16 are adopted and incorporated as if they were fully set forth herein.

35. The conduct of the Defendant to the Plaintiff in relation to the acts described herein for discrimination and retaliation violates the Florida Civil Rights Act of 1992 as established at Florida Statutes Chapter 760.

36. Defendant's violation of the Florida Civil Rights Act of 1992 as established at Florida Statutes Chapter 760 has resulted in damages to Plaintiff.

37. As a result of the Defendant's violation, Plaintiff is entitled to recover compensatory and punitive damages against the Defendant.

38. Under the terms of the Florida Civil Rights Act of 1992 as established at Florida Statutes Chapter 760, Plaintiff is entitled to recover from Defendant his attorney's fees and costs in bringing this action.

WHEREFORE, Plaintiff, CLINTON BLACK demands judgment against the Defendant, BROWARD COUNTY SCHOOL BOARD for damages as set forth above, plus injunctive relief, back pay, front pay, the costs of this action, attorney's fees and such other relief as this Court deems just and equitable and further demands trial by jury for all issues so triable of right by jury.

**DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all counts so triable.

Dated this 27th day of September, 2017.

*Black v. Broward County School Board.*
*Case No.*
*Page No. 9*

**FEILER & LEACH, P.L.**
The American Airlines Building
901 Ponce de Leon Blvd
Suite # 300
Coral Gables, Florida 33134
Telephone: (305) 441-8818
Facsimile: (305) 441-8081
mel@flmlegal.com
erodriguez@flmlegal.com

By: /s/ Martin E. Leach
   **Martin E. Leach**
   Florida Bar No. 0037990